**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

MAVERICK W. HUGHES                                                                    PLAINTIFFS

VS.                                                           CIVIL ACTION NO. 3:06-cv-81WA

MISSISSIPPI DEPARTMENT OF
TRANSPORTATION                                                                       DEFENDANTS

### ORDER

Before this court is the plaintiff's motion for attorney fees and costs. The plaintiff, Maverick Hughes, seeks an award in the total amount of $12,952.70 based upon this court having granted a mistrial in the above styled and numbered cause and instructing the plaintiff to present the court with the attorney fees and costs accrued

The plaintiff has presented a summary of fees and disbursements as follows:

Louis H. Watson, Jr. - 19 hours at $250 per hour = $4,750.00

Nick Norris - 19 hours at $190 per hour = $3,610.00

Expenses in the amount of $1,723.60

Witness fees and mileage in the amount of $2,869.10

The plaintiff's attorneys Watson and Norris submit the affidavit of Steven A. Brandon, an attorney practicing in Hinds County, Mississippi, who attests to the reasonableness of the claimed hourly rates for attorneys of like skill and ability.

The defendant Mississippi Department of Transportation ("MDOT") has no objection to the number of hours claimed by the plaintiff's attorneys. The MDOT does object, however, to the hourly rate charged by the plaintiff's attorneys, and also objects to the witness fees and mileage claimed on behalf of the plaintiff's spouse.

MDOT presents the court with the opinion of the Honorable William H. Barbour in

*Albert Brown v. Mississippi Department of Health*, Civil Action No. 3:05-cv-109WHB-JCS, wherein Judge Barbour approved the hourly rates of $180.00 for Louis H. Watson and $140.00 for Nick Norris in June of 2006.  MDOT asks this court to approve no more than these amounts for the plaintiff's attorneys in the instant case.

"Hourly rates are to be computed according to the prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). The relevant legal market is the community where the district court sits.  *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).  In this case, the community is southern Mississippi. The reasonable hourly rate for a community can be established through affidavits of other attorneys practicing in that community, or by reference to rates awarded in prior cases.

This court finds that the hourly rates requested by the plaintiff's attorneys exceed the customary hourly rate for attorneys in this market.  In this court's experience the range has been from $150.00 to $235.00 per hour for employment cases, depending upon the experience of the attorney and the skill required to manage and prosecute the particular lawsuit.   In 2006, the plaintiff's attorneys were awarded the hourly rates of $180.00 and $140.00, respectively.  This court also is aware of the recent inflationary effects on the local market.  Thus, this court finds that a reasonable hourly rate in this instance would be $200.00 per hour for Louis H. Watson  and $170.00 pre hour for Nick Norris.

Next, MDOT objects to the witness fees claimed for the plaintiff's wife, noting that her testimony would not be lengthy and would not justify charging witness fees over a four day period.  Authority on the matter of a spouse being entitled to a witness fee is scant; however, the United States Court of Appeals for the Fifth Circuit has refused to

permit witness fees for a spouse where the testimony to be offered would be nothing more than what the husband told the wife.  See *United States v. Mejia*, 720 F.2d 1378 (5th Cir. 1983).

In the instant case the plaintiff's wife is expected to testify about the plaintiff's mental anguish and any other suffering , bolstering subjective testimony the plaintiff himself would offer.  Thus, following *United States v. Mejia*, this court is persuaded that the testimony of the plaintiff's wife, which is based on what her husband has said about how he feels, is the type testimony which the Fifth Circuit would not find to be entitled to a witness fee.  Cf. *Katz v. Cie Generale Transatlantique*, 190 F.Supp. 435, 436 (D.C. Va. 1960), where the district court permitted witness fees for the spouse where the spouse was the only eye witness to the event in question; otherwise, said the district court, witness fees for a spouse should not be taxed.

This court also finds that both the plaintiff and his wife are claiming mileage, notwithstanding that they are traveling together.  The court finds that only one charge for mileage is appropriate.  Therefore, this court awards attorney fees and costs as follows:

> Louis H. Watson, Jr. - 19 hours at $200.00 per hour = $3,800.00
>
> Nick Norris - 19 hours at $170.00 per hour = $3230.00
>
> Expenses in the amount of $1,723.60
>
> Witness fees and mileage in the amount of $2,442.07

The total amount awarded is $11,195.67.

**SO ORDERED** this the 18th day of September, 2008.

**s/ HENRY T. WINGATE**
_____
**CHIEF UNITED STATES DISTRICT JUDGE**
